```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                            MEMORANDUM & OPINION
            - against -                                     20-CR-547 (PKC)

ERIQUE BERTRAND, DIEUVERSON
CAILLE, and MOSES FALL,

                    Defendants.
-------------------------------------------------------X
```

PAMELA K. CHEN, United States District Judge:

The Court memorializes and further explains the reasoning behind its decision on the record at the oral argument held on December 5, 2022, denying the Motion to Dismiss Counts Three, Five, Seven, and Nine of the Indictment, each of which charge certain Defendants with use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). (*See* 12/5/2022 Minute Entry; *see also* Indictment, Dkt. 7, at 4–7.)

## BACKGROUND[1]

On December 2, 2020, the grand jury returned an indictment ("Indictment") charging the three defendants in this case—Erique Bertrand, Dieuverson Caille, and Moses Fall—with carjacking conspiracy in violation of 18 U.S.C. §371 (Count One). (Indictment, Dkt. 7, at 1–4.) Defendant Bertrand was also charged with two counts of carjacking in violation of 18 U.S.C. §§ 2119, 2119(1) (Counts Four and Six), and two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) (Counts Five and Seven). (*Id.* at 5–6.) Defendant Caille was also charged with two counts of violating 18 U.S.C. §§ 2119, 2119(1) (Counts Two and

---

[1] The Court assumes the parties' familiarity with the allegations in the Indictment and does not recite the allegations in full. (*See* Indictment, Dkt. 7.)

1

Eight), and two counts of violating 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) (Counts Three and Nine). (*Id.* at 4–7.)[2]

On March 3, 2021, Defendant Bertrand was arraigned, and pled not guilty to all five counts for which he was charged. (3/3/2021 Minute Entry.) Defendant Caille was arraigned on August 2, 2021, and he also pled not guilty to all five counts for which he was charged. (8/2/2021 Minute Entry.) After initially pleading not guilty to all five counts for which he was charged, Defendant Fall entered a guilty plea on June 15, 2022, for three of the five counts for which he was charged.[3] (6/15/2022 Minute Entry.)

On December 5, 2022, the Court held an oral argument regarding three pre-trial motions filed by Defendants Caille and Bertrand: (1) Caille's motion to suppress his statements to law enforcement officers and to suppress two out-of-court identifications; (2) Bertrand's motion to dismiss the two counts of the Indictment charging him with violating 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) (hereinafter "Section 924(c)"), in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022); and (3) Caille's motion to sever trial pursuant to Federal Rule of Criminal Procedure Rule 14(a). (*See* Def. Caille's Mot. to Suppress, Dkt. 54; Def. Bertrand's Mot. to Dismiss, Dkt. 74; Def. Caille's Mot. to Sever, Dkt. 75.) At the oral argument, Defendant

---

[2] In addition to being charged with conspiracy to commit carjacking in Count One, Defendant Fall was charged with Counts Two and Six for commission of carjacking in violation of 18 U.S.C. §§ 2119, 2119(1), and charged with Counts Three and Seven for use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). (*See* Indictment, Dkt. 7.) The Court notes that the Indictment alleges that "[o]n or about August 29, 2020, MOSES FALL jumped into the driver's seat of BMW #2 and sped away." (*Id.* at 3.) Yet, based on the other allegations in the Indictment, the Court understands this date to be an error, and that the Government is in fact alleging Fall to have "sped away" in BMW #2 on October 31, 2020. Regardless, this error has no impact on the outcome of the motion to dismiss.

[3] Fall pled guilty to Counts One, Two, and Three of the Indictment on June 15, 2022, and currently awaits sentencing on those counts. (*See* 6/15/2022 Minute Entry.)

Caille joined the motion to dismiss the crime of violence counts that apply to him, namely Counts Three and Nine.

For the reasons explained on the record for the December 5, 2022 oral argument, the Court denied all three motions. As indicated on the record, the Court now explains further the reasoning behind its decision to deny the motion to dismiss the Section 924(c) counts (Counts Three, Five, Seven, and Nine) as to Defendants Bertrand and Caille.[4]

## DISCUSSION

Defendants Bertrand and Caille move to dismiss all counts in the Indictment charging each of them with violating Section 924(c), contending that after the Supreme Court's decision in *Taylor*, carjacking in violation of 18 U.S.C. § 2119 (hereinafter, "Section 2119"), cannot be a predicate crime of violence for violating Section 924(c). (*See* Defs.' Mot. to Dismiss, Dkt. 74; Defs.' Reply Br., Dkt. 78.) For the reasons stated herein and on the record at oral argument, Defendants' motion is denied.

**I.     Federal Carjacking is Categorically A Crime of Violence**

    **A.     Categorical Versus Modified Categorical Approach With Respect to Predicate Crimes of Violence Under Section 924(c)**

In enacting Section 924(c), "Congress has chosen to override the normal sentencing discretion accorded to judges[.]" *United States v. Martinez*, 991 F.3d 347, 353 (2d Cir. 2021). Instead, Section 924(c) "requires judges to impose a *mandatory* punishment based exclusively on the nature of the particular offense in connection with which a firearm is possessed[.]" *Id.* Accordingly, a person who "during and in relation to [the commission of] any crime of violence

---

[4] To reflect the fact that Defendant Caille joined the motion to dismiss and for ease of reference, the Court refers to the motion as "Defendants' motion to dismiss," even though only Bertrand has filed a motion and supporting memoranda, and even though the third Defendant, Fall, has not filed any motions.

3

. . . uses or carries a firearm, or who, in furtherance of any such crime [of violence], possesses a firearm," is subjected to additional punishment under Section 924(c). 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).[5]

To determine whether an offense qualifies as a crime of violence for Section 924(c), courts generally "employ what has come to be known as the 'categorical approach.'" *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (citations omitted). This analytical framework requires courts to determine whether "'the minimum criminal conduct necessary for conviction under a particular statute' necessarily involves violence." *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (quoting *Hill*, 890 F.3d at 55). When determining the minimum criminal conduct under a categorical approach, courts "look only to the statutory definitions—*i.e.*, the elements" of the offense. *Descamps v. United States*, 570 U.S. 254, 261 (2013) (internal quotation marks and citations omitted); *see also United States v. Chappelle*, 41 F.4th 102, 108 (2d Cir. 2022) (explaining that the categorical approach focuses "'not [on] the facts of the particular . . . case,' but [on] the statutory definition of the crime of conviction") (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)).

Yet, where a statute criminalizes more than one offense, courts use a "modified categorical approach" to determine whether the offense charged is a "crime of violence." *Descamps*, 570 U.S. at 257. For example, if "a statute criminalizes multiple acts in the alternative, thereby defining

---

[5] Congress also provided an alternative definition of "crime of violence" as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another person may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court struck down this "residual clause" definition of "crime of violence" as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019).

4

multiple crimes, it is considered 'divisible.'" *United States v. Moore*, 916 F.3d 231, 238 (2d Cir. 2019). For these so-called "divisible" statutes, courts may first look to a limited set of documents (including the indictment, jury instructions, or plea agreement and colloquy) to consider under which portion of the statute the defendant was charged, and then apply the categorical approach to that section of the statute. *See Mathis v. United States*, 579 U.S. 500, 505 (2016); *see also Descamps*, 570 U.S. at 257; *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020) (explaining that, under the modified categorical approach, a court may look to "a limited class of documents from the record . . . to determine what crime, with what elements, a defendant was convicted of").

In *United States v. Hendricks*, the Second Circuit recently illustrated how to apply the modified categorical approach when it was presented with the question of whether federal bank robbery in violation of 18 U.S.C. § 2113(a) is categorically a crime of violence. 921 F.3d at 327. First, the Second Circuit found that the statute is a "divisible statute" because it "delineate[s] two methods of committing" federal bank robbery.[6] *Id.* Because the statute is divisible, the Circuit panel applied the modified categorical approach and looked to the indictment to confirm that the form of federal bank robbery that the defendant was charged with, and convicted of, was the first one—"namely, 'by force and violence, or by intimidation.'" *Id.* (citing the indictment from the record to find there was "no dispute" as to which part of the statute under which defendant was charged). Finally, the panel considered the defendant's argument that the minimum criminal conduct that could be charged under this part of the statute was "negligently intimidating a victim," which would not qualify as a crime of violence under Section 924(c). *Id.* at 328 (emphasis

---

[6] The two methods of violating the statute are: (1) "by force and violence, or by intimidation" or (2) "by enter[ing] or attempt[ing] to enter" a federal financial institution "with intent to commit . . . any felony affecting" such financial institution "and in violation of any statute of the United States, or any larceny." *See Moore*, 916 F.3d at 238. In *Hendricks*, the federal financial institution that was robbed was a federal credit union. *See* 921 F.3d at 323–24.

omitted). However, the Second Circuit disagreed, holding that "knowledge, not merely negligence, is required" to violate the "by force and violence, or by intimidation" clause of 18 U.S.C. § 2113(a), and that this form of a Section 2113(a) violation therefore constituted a crime of violence for purposes of Section 924(c). *Id.* (emphasis omitted).

### B.   *Taylor* is Inapposite

Although Defendants' motion to dismiss relies entirely on the Supreme Court's decision in *Taylor*, Defendants appear to misunderstand both the holding in that case and how to apply the modified categorical approach. The Supreme Court in *Taylor* held that *attempted* Hobbs Act Robbery, under 18 U.S.C. § 1951(a),[7] does not qualify as a crime of violence under Section 924(c)(3)(A). 142 S. Ct. at 2020–21. The Supreme Court explained that for attempted Hobbs Act Robbery, the government must prove two elements: (1) "an intention to take property by force or threat," and (2) "a substantial step toward achieving that object." *Id.* at 2020. Because "an intention is just that, no more," and a substantial step "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property," the *Taylor* Court concluded that attempted Hobbs Act robbery was not categorically a crime of violence that can trigger a sentencing enhancement under Section 924(c). *Id.* at 2020–21.

In arguing that *Taylor* governs here, Defendants maintain that "carjacking, the crime at issue," can be committed "without using, attempting to use, or threatening to use force[.]" (*See* Dkt. 74, ¶ 7.) To prove their point, Defendants pose a hypothetical of a person who, "as part of a

---

[7] 18 U.S.C. § 1951(a) reads: "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion *or attempts or conspires so to do*, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." (emphasis added).

6

plan to steal [a] car," takes a substantial step of "arm[ing] himself with a firearm and go[ing] to a specific corner to lie in wait for the victim to arrive in the car," but is foiled by police before completing the crime. (*Id.*) According to Defendants, "under this example[,] the person would be guilty of the crime of Carjacking because he *attempted* to steal a car by force and violence." (*Id.* (emphasis in original).) The errors in Defendants' argument are clear: (1) they fail to recognize that Section 2119 criminalizes two separate and distinct crimes—carjacking and attempted carjacking—and that, therefore, the modified categorical approach applies; and (2) they argue that the completed crime of carjacking is categorically not a crime of violence based on the elements required to prove the entirely different crime of attempted carjacking.

By overlooking the difference between completed and attempted carjacking, Defendants read a divisible statute as an indivisible one. Section 2119 defines more than one crime:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, *or attempts to do so*, shall . . . be fined under this title or imprisoned not more than 15 years, or both[.]

18 U.S.C. § 2119(1) (emphasis added). Under Second Circuit and Supreme Court precedent, Section 2119 is divisible because it "defin[es] multiple crimes"—namely, completed carjacking and attempted carjacking. *See Moore*, 916 F.3d at 238. The elements of the completed carjacking offense are laid out directly in the statute: (1) "with the intent to cause death or serious bodily harm," (2) "tak[ing] a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another," and doing so (3) "by force and violence or by intimidation." 18 U.S.C. § 2119; *cf. United States v. Jones*, 854 F.3d 737, 739 (5th Cir. 2017) (laying out elements of Section 2119), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336. By contrast, the elements of attempted carjacking—like the elements of attempted

7

Hobbs Act Robbery—are (1) an intention to violate Section 2119 and (2) a "substantial step" toward doing so. *See Taylor*, 142 S. Ct. at 2020; *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) ("As was true at common law, the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct.").

Because Section 2119 is a divisible statute that defines as separate crimes attempted and completed carjacking, the modified categorical approach allows the Court to look at the indictment and confirm that Defendants Caille and Bertrand have been charged with two acts each of completed carjacking, not attempted carjackings. (*See* Dkt. 7, at 3–7.) As discussed, the statutory language in Section 2119 makes clear that to convict Defendants for the commission of federal carjacking, the Government must prove that each Defendant took "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another," and such that such taking occurs "by force and violence, or by intimidation." 18 U.S.C. § 2119. The Court thus concludes that the elements of completed federal carjacking necessarily involve "the use, attempted use, or threatened use of physical force against the person or property of another," *see* 18 U.S.C. § 924(c)(3)(A), a conclusion recently confirmed by the Second Circuit. *See United States v. Felder*, 993 F.3d 57, 80 (2d Cir. 2021) ("[W]e identify federal carjacking as a categorical crime of violence. Here too, in so ruling, we join every other court of appeals to have considered the matter." (collecting cases from several other circuits)).

Accordingly, Defendants' hypothetical of the foiled carjacker is inapplicable to this case because the Court cannot consider the minimum criminal conduct necessary to convict a defendant of attempted carjacking to determine whether a completed carjacking is a crime of violence. Defendants' motion fails because it seeks to displace the modified categorical approach that the Second Circuit and Supreme Court have repeatedly endorsed and applied. *See Moore*, 916 F.3d

8

at 238 (applying modified categorical approach for a divisible statute); *Hendricks*, 921 F.3d at 327 (same); *see also Mathis*, 579 U.S. at 505 ("[T]his Court approved the 'modified categorical approach' for use with statutes having multiple alternative elements."). And, since no part of *Taylor* has replaced the Supreme Court's precedents that require this Court to apply the modified categorical approach to divisible statutes, Defendants' motion is denied.

## II. *Taylor* Does Not Alter Controlling Second Circuit Precedent

The Court's denial of Defendants' motion to dismiss is, moreover, compelled by the Second Circuit's decision in *Felder*, which found that carjacking is categorically a crime of violence. *See* 993 F.3d at 80. Defendants acknowledge that *Felder* forecloses the arguments they raise, but nevertheless contend that "the Second Circuit's pre-*Taylor* jurisprudence should be re-evaluated in light of the Supreme Court's" decision in *Taylor*. (*See* Def.'s Rep. Br., Dkt. 78, at 1.) In other words, Defendants ask that this Court find that *Taylor*, in effect, has overturned the Second Circuit's decision in *Felder*. (*Id*.)

But this Court is bound to follow the Second Circuit's decisions, unless there is an intervening Supreme Court or *en banc* panel circuit decision that creates "a conflict, incompatibility, or inconsistency" with the existing Second Circuit opinion. *See In re Arab Bank PLC, Alien Tort Statute Litig.,* 808 F.3d 144, 155 (2d Cir. 2015) (brackets omitted). As a district court, the Court "must proceed . . . cautiously in deciding whether an intervening Supreme Court decision overrules Second Circuit precedent, out of respect for the overall structure of the federal judiciary." *Hoeffner v. D'Amato*, No. 09-CV-3160 (PKC) (CLP), 2022 WL 1912942, at *9 (E.D.N.Y. June 2, 2022); *see also United States v. Afriyie*, 27 F.4th 161, 168 (2d Cir. 2022). In other words, unless "a subsequent decision of the Supreme Court so undermines" the controlling circuit precedent that "it will *almost inevitably be overruled*," this Court must follow the circuit

9

court's controlling precedent. *See Austin v. United States*, 280 F. Supp. 3d 567, 572 (S.D.N.Y. 2017) (emphasis added).

Here, Defendants' motion falls far short of the standard necessary for this Court to find that *Felder* has been overturned by *Taylor*, which, as discussed, was clearly limited to *attempted* Hobbs Act robbery. If Defendants were correct that Section 2119 should be read as an indivisible statute that requires applying the categorical approach (and not the modified categorical approach), the same reasoning should apply to the Hobbs Act robbery statute, which like Section 2119 references both the substantive offense and attempted Hobbs Act robbery. *See* 18 U.S.C. § 1951(a). However, the Supreme Court in *Taylor* focused its categorical approach analysis only on attempted Hobbs Act robbery, and employed language in its decision that makes clear that its ruling did not extend to completed Hobbs Act robbery: "Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause." *Taylor*, 142 S. Ct. at 2020.

Finally, at the oral argument, Defendants suggested that the Supreme Court's jurisprudence on the categorical approach and crimes of violence was evolving, and that their reading of Section 2119 would eventually be the law of the land. Perhaps Defendants will be proven right; however, the law as it stands today clearly requires denial of Defendants' motion. Nothing in *Taylor* creates the kind of "conflict, incompatibility, or inconsistency" with *Felder* that warrants finding that carjacking (as opposed to attempted carjacking), as proscribed by Section 2119, does not constitute a crime of violence for purposes of Section 924(c). Therefore, Defendants' motion is denied.

10

**CONCLUSION**

For the reasons stated herein, this Court finds that the Supreme Court's decision in *Taylor* is inapposite to the present case. Accordingly, the Court denies the motion to dismiss Counts Five and Seven of the Indictment as to Defendant Bertrand and Counts Three and Nine as to Defendant Caille.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 3, 2023
　　　　Brooklyn, New York